UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
at CHATTANOOGA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | Nos. 1:05-cv-318 / 1:97-cr-04 |
| | ) | *Edgar* |
| ALFRED FLOYD MELLINGER | ) | |

**MEMORANDUM**

Defendant Alfred Floyd Mellinger ("Mellinger") has filed a *pro se* motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255 [Court File No. 1]. Mellinger pleaded guilty to one count of violating Title 18, United States Code, Sections 2113(a) and (d), armed bank robbery and assaulting a person with a dangerous weapon, specifically using a firearm during the commission of a bank robbery and one count of using or carrying that firearm during the bank robbery in violation of Title 18, United States Code, Section 924(c). Mellinger contends he received ineffective assistance of counsel.

Pursuant to the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), there is a one-year statute of limitation for filing a § 2255 motion. *See* 28 U.S.C. § 2255. Mellinger was sentenced to a term of imprisonment for 180 months on June 16, 1997. Mellinger did not pursue a direct appeal. Pursuant to the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), there is a one-year statute of limitation for filing a § 2255 motion. *See* 28 U.S.C. § 2255. Mellinger's judgment was entered on June 17, 1997, and he had ten (10) days, until July 1, 1997, to file a notice of appeal. When a § 2255 movant does not pursue a direct appeal to the court of appeals, his conviction becomes final on the date on which the time for filing such appeal expired.

*Sanchez-Castellano v. United States*, 358 F.3d 424, 425 (6th Cir. 2004). Therefore, the one-year statute of limitations began to run on July 1, 1997. Consequently, Mellinger's motion is untimely.

Mellinger had one year from the time his judgment of conviction became final to file his § 2255 motion. July 1, 1997, was the date Mellinger's right to file an appeal expired. Thus, Mellinger was required to file his § 2255 motion on or about July 1, 1998. A motion filed by a prisoner is deemed filed when given to the prison authorities for mailing. *In re Sims,* 111 F.3d 45, 47 (6th Cir. 1997), *citing Houston v. Lack,* 487 U.S. 266, 270-71 (1988); *See* Rule 4(c) FED. R. APP. PROC. The envelope reveals Mellinger gave the motion to the prison authorities for mailing on October 29, 2005. Therefore, Mellinger's motion is treated as filed on October 29, 2005, more than seven years after the July 1, 1998 expiration of the one-year statute of limitations for filing his § 2255 motion. Consequently, Mellinger's § 2255 motion is time-barred by the statute of limitations and will be **DISMISSED** [Court File No. 1].

To the extent Mellinger contends his claims stem from the Supreme Court's decision in *Blakely v. Washington*, 542 U.S. 961 (2004) (invalidating a Washington State criminal sentence because the facts supporting a sentence enhancement were neither admitted by the defendant nor found by a jury in violation of the Sixth Amendment right to a jury trial), and *United States v. Booker*, 125 S.Ct. 738 (2005) (Extending the holding of *Blakely* to the United States Sentencing Guidelines, the Supreme Court held the mandatory nature of the federal sentencing guidelines rendered them incompatible with the Sixth Amendment guarantee to the right to a jury trial), the Court presumes he is arguing the limitations period did not begin to run until "the date on which the right asserted was initially recognized by the Supreme Court and made retroactively applicable to cases on collateral review . . ." 28 U.S.C. § 2255, thus, restarting the statute of limitations applicable

to his § 2255 motion. However, to the extent Mellinger's § 2255 motion relies upon *Blakely*, it is untimely as it was filed more than on year after the Supreme Court rendered its decision in *Blakely*. Furthermore, at the time Mellinger was sentenced, neither *Blakely* nor *Booker* had been decided by the United States Supreme Court. At this time, neither of the two cases Mellinger relies upon have been held to be retroactively applicable to cases already final on direct review.

*Blakely* was decided on June 24, 2004, and *Booker* was decided on January 12, 2005. However, neither *Blakely* nor *Booker* announced that it was retroactively applicable. The Supreme Court's decision in *Schriro v. Summerlin*, 542 U.S. 348 (2004),[1] indicates that it is unlikely that *Blakely* will be given retroactive effect in the future. In *Booker*, the Court noted that its holding should be applied "to all cases on direct review." *United States v. Booker*, 125 S.Ct. 769. The Court did not state that the holding should be applied retroactively on collateral review of cases in which the judgment has become final. In fact, the Court quoted *Griffith v.Kentucky*, 479 U.S. 314, 328 (1987) for the proposition that "'a new rule for the conduct of criminal prosecutions is to be applied retroactively to all cases . . . pending on direct review or not yet final, with no exception for cases in which the new rule constitutes a "clear break" with the past.'" *Booker,* 125 S.Ct. at 769.

The Court's research indicates that the majority of courts who have addressed this issue have determined neither *Blakely* nor *Booker* are applicable to cases that were final prior to the Supreme Court's decision in those cases and the Sixth Circuit has specifically determined *Booker* is not applicable on collateral review. *See Humphress v. United States*, 398 F.3d 855 (6th Cir.) (*Booker's*

---

[1] The Court determined that their previous decision in *Ring v. Arizona*, 536 U.S. 584 (2002), where they held that a sentencing judge sitting without a jury may not find an aggravating circumstance necessary for the imposition of the death penalty because those circumstances must be found by a jury, was a procedural rule and consequently, did not apply retroactively to death penalty cases already final on direct review.

-3-

rule does not apply retroactively in collateral proceedings), *cert. denied*, 126 S.Ct. 199 (2005); In *re Anderson* 396 F.3d 1336, 1340 (11th Cir. 2005) ("It follows that because *Booker*, like *Blakely* and *Ring*, is based on an extension of *Apprendi*, Anderson cannot show that the Supreme Court has made that decision [*Booker*] retroactive to cases already final on direct review."); *Hamlin v. United States,* 2005 WL 102959 (D.Me. Jan. 19, 2005) (interpreted *Booker* to apply only to cases on direct review); *Stevens v. United States*, 2005 WL 102958 (D.Me. Jan. 18, 2005) (concluded *Booker* should not be applied retroactively to cases where the claim was not raised on direct review); *United States v. Harp*, 2004 WL 1636251 (N.D. Iowa July 22, 2004) (collateral relief requested in light of *Blakely* denied); *United States v. Traeger*, 325 F.Supp.2d 860 (N.D. Ill., 2004) (concluded *Blakely* decision did not apply retroactively). Mellinger has no viable claim under *Blakely* or *Booker*.

Neither *Blakely* nor *Booker* applies to persons such as Mellinger, whose sentences became final prior to the *Blakely* and *Booker* decisions. Accordingly, neither *Blakely* nor *Booker* afford Mellinger any relief and his § 2255 motion will be **DENIED** [Court File No. 1].

An appropriate judgment will enter.

                                                  */s/ R. Allan Edgar*
                                                  R. ALLAN EDGAR
                                         UNITED STATES DISTRICT JUDGE