UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
at CHATTANOOGA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | 1:05-cv-318/1:97-cr-4 |
| | ) | *Edgar* |
| ALFRED FLOYD MELLINGER | ) | |

## **JUDGMENT**

In accordance with the accompanying memorandum, the motion filed by Alfred Floyd Mellinger ("Mellinger") for relief under 28 U.S.C. § 2255 is **DENIED** as time-barred by the statute of limitations [Court File No. 1].

The Court has assessed its determination that Mellinger's § 2255 motion is time-barred based on the analysis required by *Slack v. McDaniel*, 529 U.S. 473 (2000). *See Porterfield v. Bell*, 258 F.3d 484, 487 (6th Cir. 2001); *see also Murphy v. Ohio*, 263 F.3d 466, 467 (6th Cir. 2001) (remanding death-row inmate's § 2254 case for reconsideration of each claim in light of *Slack*). This Court finds that reasonable jurists could not find this Court's assessment that Mellinger's § 2255 motion is time-barred debatable or wrong. Accordingly, should Mellinger give timely notice of an appeal from this order, such notice will be treated as an application for a certificate of appealability, which is hereby **DENIED** for the above stated reasons and since he has failed to make a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2); Rule 22(b) of the Federal Rules of Appellate Procedure.

In addition, the Court has reviewed this case pursuant to 28 U.S.C. § 1915(a)(3) and Rule 24 of the Federal rules of Appellate Procedure and hereby **CERTIFIES** that any appeal from this action would not be taken in good faith and would be totally frivolous. Therefore, any application

by Mellinger for leave to proceed *in forma pauperis* on appeal is **DENIED.** 28 U.S.C. § 1915(a)(3); Fed. R. App. P. 24.

    SO ORDERED.

    ENTER this *30th day of November, 2005*.

                                                 */s/ R. Allan Edgar*
                                                 R. ALLAN EDGAR
                                    UNITED STATES DISTRICT JUDGE